EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br><br> Roberto Rivera Irizarry | 2023 TSPR 126 <br><br> 213 DPR ___ |

Número del Caso: AB-2023-0013
                  AB-2023-0076


Fecha: 12 de octubre de 2023


Abogado del Promovido:

     Por derecho propio


Materia: Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por el reiterado incumplimiento con las órdenes de este Tribunal.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

|                          | AB-2023-13 | Conducta   |
|--------------------------|------------|------------|
| Roberto Rivera Irizarry  | AB-2023-76 | Profesional |
| (TS-11,132)              |            |            |

*PER CURIAM*

En San Juan, Puerto Rico, a 12 de octubre de 2023.

Una vez más nos vemos en la obligación de ejercer nuestra facultad disciplinaria para suspender de manera inmediata e indefinida del ejercicio de la abogacía y la notaría a un miembro de la profesión legal por su reiterado incumplimiento con las órdenes de este Tribunal. Tal y como explicaremos más adelante, el letrado que hoy suspendemos tiene dos (2) quejas pendientes ante este Foro que giran en torno al mismo asunto. Lamentablemente, la indiferencia hacia las órdenes de este Tribunal para que el abogado atendiera las referidas quejas ha dado lugar a la sanción disciplinaria que hoy imponemos. Veamos.

I

El Lcdo. Roberto Rivera Irizarry (licenciado Rivera Irizarry o letrado) fue admitido al ejercicio de la abogacía el 18 de enero de 1995 y prestó juramento como notario el 10 de febrero del mismo año.

El 17 de enero de 2023, la Sra. Elizabeth Lugo López (señora Lugo López) presentó una queja (AB-2023-13) en contra del licenciado Rivera Irizarry. Allí adujo que -tras el fallecimiento de su abuelo en enero de 2003- su padre y su tío contrataron los servicios profesionales del letrado para localizar los fondos de las cuentas bancarias existentes del causante. Así pues, alegó que éste no ha sido responsable con la tramitación del asunto para el cual fue contratado, pues desde la fecha de su contratación hasta el presente han fallecido varios miembros de la sucesión (incluyendo a su padre en el 2013) y el trabajo aún no se ha completado.

Al igual que la señora Lugo López, la Sra. Elba González Padua (señora González Padua) presentó el 14 de marzo de 2023 una queja (AB-2023-76) en contra del licenciado Rivera Irizarry con relación a la misma herencia. En síntesis, ésta expresó estar insatisfecha con los servicios del letrado, quien presuntamente recibió $2,500 por el pago del depósito el 2 de abril de 2003. Así las cosas, sostuvo que ha viajado a Puerto Rico desde New Jersey en dos (2) ocasiones, pero el licenciado Rivera Irizarry siempre le ha dado las mismas excusas.

El 10 de febrero de 2023, la Secretaría de este Tribunal le remitió al letrado copia de la queja AB-2023-13 y le concedió un **término de diez (10) días** para que presentara su contestación a la misma. Transcurrido un (1) mes sin que el licenciado Rivera Irizarry compareciera, la Secretaría de este Tribunal le cursó al licenciado Rivera Irizarry una segunda misiva el 10 de marzo de 2023, en la que le concedió un **término adicional de diez (10) días** para contestar. Posteriormente, mediante una *Resolución* emitida el 11 de abril de 2023, le concedimos al letrado **diez (10) días** para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requerimientos de este Tribunal.[1]

En consecuencia, el 21 de abril de 2023, el licenciado Rivera Irizarry compareció ante este Tribunal mediante una *Moción en cumplimiento de orden suplicando prórroga y tiempo para obtener representación legal*. En síntesis, alegó que no pudo comparecer por motivos de salud y otros compromisos con ciertos casos de oficio. Afirmó que continuamente ha realizado gestiones para completar el trabajo para el cual fue contratado, pero que el mismo se ha visto afectado en estos últimos años por la ocurrencia de huracanes, temblores y la pandemia del COVID-19.

---

[1] Valga señalar que, el 24 de abril de 2023, la Secretaría de este tribunal cursó una primera comunicación al Lcdo. Roberto Rivera Irizarry en cuanto a la queja AB-2023-76, en la que se le concedió un término de diez (10) días para contestar la referida queja.

De este modo, el letrado solicitó que se le concediera un término de treinta (30) días para acompañar su contestación con evidencia y conseguir representación legal.

Cabe destacar que el 3 de mayo de 2023, el licenciado Rivera Irizarry presentó también una *Moción suplicando prórroga y tiempo para obtener representación legal* con relación a la queja AB-2023-76. En su escrito, solicitó además la consolidación de ambas quejas por tratarse del mismo asunto, así como una prórroga de treinta (30) días para contratar representación legal. Posteriormente, el 25 de mayo de 2023, el letrado presentó una *Moción en solicitud de prórroga y explicativa sobre representación legal y otros extremos* en la que indicó que la recopilación de información concerniente a su contestación a las quejas, así como las gestiones para obtener representación legal, se encontraban en una etapa avanzada. Finalmente, aseguró que el retraso en obtener representación legal se debía a cierto compromiso con un caso de oficio, por lo que solicitó otra prórroga de treinta (30) días adicionales.

Así las cosas, mediante una *Resolución* emitida el 26 de mayo de 2023 y notificada el 31 de mayo de 2023, ordenamos la consolidación de las quejas AB-2023-13 y AB-2023-76 y le concedimos al licenciado Rivera Irizarry un **término final de treinta (30) días** para contestar ambas quejas, so pena de sanciones, incluyendo su suspensión de la práctica de la profesión. No obstante, el 30 de junio

de 2023, el letrado presentó una *Moción informativa e implorando última y breve prórroga al honroso Tribunal Supremo de Puerto Rico*. En resumen, alegó no haber podido contestar las quejas debido a que se enfermó con COVID-19, pero indicó que ya se encontraba mejor de salud. En ese sentido, **solicitó una nueva prórroga de quince (15) días**, pues, según expuso, de no haber sido por el periodo de enfermedad, hubiera podido acreditar las gestiones realizadas en respuesta a las quejas presentadas en su contra. Han transcurrido **más de tres (3) meses** desde que el licenciado Rivera Irizarry presentó su última solicitud de prórroga de quince (15) días. **Sin embargo, el letrado todavía no ha contestado las quejas según lo ordenado por este Tribunal.**

## II

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, requiere que todos los miembros de la profesión legal observen para con los tribunales una conducta que se caracterice por el mayor respeto. *In re* Marrero Martínez, 2023 TSPR 85, 212 DPR ___ (2023); *In re* Arzola Méndez, 2023 TSPR 69, 212 DPR ___ (2023); *In re* Meléndez Artau, 2023 TSPR 60, 212 DPR ___ (2023). De acuerdo con este mandato, hemos sido consistentes al destacar el ineludible deber que tienen todos los miembros de la abogacía de cumplir pronta y diligentemente con las órdenes de este Tribunal, en especial cuando se trate de un proceso disciplinario.

*In re* Arzola Méndez, *supra*; *In re* Bauzá Tirado, 2023 TSPR 34, 211 DPR ___ (2023).

En ese sentido, la desatención por parte de los letrados en cuanto a los requerimientos realizados dentro de un proceso disciplinario no sólo denota indisciplina, desobediencia y falta de respeto hacia las autoridades, sino que además, ocasiona demoras irrazonables en el trámite de los casos, afectando la administración de la justicia. Véanse: *In re* Bermúdez Tejero, 206 DPR 86, 94-95 (2021); *In re* López Santiago, 199 DPR 797, 808-809 (2018); *In re* Cuevas Velázquez, 174 DPR 433, 444 (2008). Cónsono con ello, hemos manifestado que cuando los miembros de la profesión legal desatienden nuestras órdenes, esto constituye una afrenta a la autoridad de los tribunales y, por consiguiente, una infracción al Canon 9 del Código de Ética Profesional, *supra*, lo cual es suficiente para decretar la separación inmediata e indefinida de la profesión. *In re* Bermúdez Tejero, *supra*, pág. 95; *In re* Canales Pacheco, 200 DPR 228, 233 (2018).

### III

Según señaláramos, hasta el momento, el licenciado Rivera Irizarry no ha contestado las quejas presentadas en su contra. De esta forma, el letrado aún no ha cumplido con nuestra *Resolución* del 26 de mayo de 2023, en virtud de la cual se le concedió un **término final** de treinta (30) días para comparecer y contestar ambas quejas, so pena de

sanciones que podían incluir su suspensión de la práctica de la abogacía.

En particular, mediante un escrito presentado el 30 de junio de 2023, el licenciado Rivera Irizarry adujo que no podía cumplir con el término final de treinta (30) días por motivos de salud. Ahora bien, el letrado reconoció que ya se encontraba "mucho mejor de salud y laborando".[2] Así pues, aseguró que "de no haber sido por el periodo de enfermedad[,] hubi[era] ya entregado todo [documento] […] en respuesta a las quejas consolidadas".[3] No obstante, han transcurrido **más de tres (3) meses** desde que el licenciado Rivera Irizarry presentó su última solicitud de prórroga de quince (15) días; **más de cinco (5) meses** desde que se cursó la primera comunicación para que contestara la queja AB-2023-76, y **casi ocho (8) meses** desde que se cursó la primera comunicación para que presentara su contestación a la queja AB-2023-13.

Sin lugar a dudas, el licenciado Rivera Irizarry ha tenido tiempo de sobra para contestar las quejas presentadas en su contra. Por lo tanto, determinamos que en este caso no se configuran circunstancias especiales que ameriten la concesión de prórrogas adicionales. Máxime cuando éste se ha cruzado de brazos y continúa incumpliendo nuestras órdenes, a pesar de las múltiples oportunidades

---

[2] *Moción informativa e implorando última y breve prórroga al honroso Tribunal Supremo de Puerto Rico*, pág. 1.

[3] Íd., pág. 4.

concedidas y nuestros apercibimientos sobre las consecuencias que su inobservancia podría acarrear.

Por ende, determinamos que la conducta desplegada por el letrado, al desatender lo ordenado por este Tribunal, constituye un grave desafío a la autoridad de este Foro y una clara violación al Canon 9 del Código de Ética Profesional, *supra*. En conformidad con lo expuesto y en virtud de nuestro poder inherente para reglamentar la profesión legal, suspendemos inmediata e indefinidamente al licenciado Rivera Irizarry del ejercicio de la abogacía y la notaría.

## IV

Por los fundamentos antes expuestos, decretamos la suspensión inmediata e indefinida del Lcdo. Roberto Rivera Irizarry del ejercicio de la abogacía y la notaría.

El señor Rivera Irizarry deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándoles. Asimismo, deberá devolver a sus clientes los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no realizados. De igual forma, deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente y acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta

Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal de solicitarlo en el futuro.

De otra parte, se le ordena al Alguacil de este Foro incautar inmediatamente la obra y sello notarial del señor Rivera Irizarry y entregarlos al Director de la Oficina de Inspección de Notarías (ODIN) para el correspondiente examen e informe. Además, en virtud de la suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales del señor Rivera Irizarry queda automáticamente cancelada. Dicha fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Se dictará Sentencia en conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Roberto Rivera Irizarry

AB-2023-13
AB-2023-76

Conducta
Profesional

SENTENCIA

En San Juan, Puerto Rico a 12 de octubre de 2023.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, suspendemos de forma inmediata e indefinida al Lcdo. Roberto Rivera Irizarry del ejercicio de la abogacía y la notaría.

El señor Rivera Irizarry deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándoles. Asimismo, deberá devolverles los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente y acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de la Opinión *Per Curiam* y esta Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

De otra parte, se le ordena al Alguacil de este Foro incautar inmediatamente la obra y sello notarial del señor Rivera Irizarry y entregarlos al Director de la Oficina de Inspección de Notarías para el

correspondiente examen e informe. Además, en virtud de la suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales del señor Rivera Irizarry queda automáticamente cancelada. Dicha fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo