EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Ricardo José Montalvo Negrón<br>(TS-21,288) | 2023 TSPR 146<br><br>213 DPR ___ |

Número del Caso:  AB-2023-0052


Fecha:  20 de diciembre de 2023


Materia:  Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por infringir el Canon 9 del Código de Ética Profesional.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Ricardo José Montalvo Negrón
(TS-21,288)

AB-2023-0052

PER CURIAM

En San Juan, Puerto Rico, a 20 de diciembre de 2023.

Nuevamente nos vemos obligados a ejercer nuestra facultad disciplinaria sobre un integrante de la profesión legal que ha desplegado displicencia hacia las órdenes que este Tribunal ha emitido. En esta ocasión, intervenimos disciplinariamente con el Lcdo. Ricardo José Montalvo Negrón por infringir el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX. En virtud de los fundamentos que expondremos más adelante, decretamos la suspensión inmediata e indefinida del letrado de la práctica de la abogacía y la notaría.

Veamos los hechos que motivan nuestra determinación.

**I.**

El 9 de marzo de 2023 el Sr. Jerson Cintrón De Jesús (señor Cintrón De Jesús) presentó una *Queja* contra el Lcdo. Ricardo José Montalvo Negrón (licenciado Montalvo Negrón o letrado). El señor Cintrón De Jesús sostuvo que el 6 de mayo de 2021 acudió a la oficina del licenciado Montalvo Negrón y solicitó orientación sobre el proceso de declaratoria de herederos. Ante esto, el 7 de mayo de 2021 el señor Cintrón De Jesús entregó al licenciado Montalvo Negrón el monto de $400.00 y los documentos requeridos para el trámite de declaratoria de herederos. El señor Cintrón De Jesús solicitó un recibo de pago, a lo que el licenciado Montalvo Negrón respondió que se lo entregaría el próximo día porque se le habían quedado las llaves de la oficina en su casa.

Como acordado, el próximo día el señor Cintrón De Jesús acudió a la oficina del licenciado Montalvo Negrón, la cual se encontraba cerrada. Durante junio de 2021, el señor Cintrón De Jesús intentó comunicarse con el letrado y acudió a su oficina en múltiples ocasiones. Todos los intentos resultaron infructuosos. Así las cosas, durante ese mismo mes, el licenciado Montalvo Negrón se comunicó con el señor Cintrón De Jesús y lo citó para entregarle la declaratoria de herederos y los documentos que tenía en su poder. El licenciado no llegó a dicha reunión. El señor Cintrón De Jesús llamó al letrado y este le explicó que se le había presentado una situación que le impedía llegar a la reunión. Indicó que otro día pasaría por la casa del señor Cintrón De

Jesús a entregar la declaratoria de herederos y los documentos. Esto nunca ocurrió.

Una vez más, el señor Cintrón De Jesús intentó comunicarse en múltiples ocasiones, sin éxito, con el licenciado Montalvo Negrón. Ante esto, el señor Cintrón De Jesús acudió a su oficina. Para su sorpresa, unos transeúntes le indicaron que el licenciado ya no tenía su despacho allí. Los intentos de comunicación posteriores resultaron en vano ya que el teléfono del licenciado Montalvo Negrón indicaba estar desconectado. En consecuencia, el señor Cintrón De Jesús presentó, el 9 de marzo de 2023, la *Queja* que nos ocupa.

El 14 de abril de 2023 este Tribunal remitió copia de la referida *Queja* al licenciado Montalvo Negrón y concedió un término de 10 días para que presentara su contestación. Además, se le apercibió de las sanciones que podía acarrear su incomparecencia.

Dado el incumplimiento del letrado con lo anterior, el 2 de mayo de 2023 este Tribunal le remitió una segunda notificación en la que se le concedió un término adicional de 10 días para contestar la *Queja*. El letrado, nuevamente, hizo caso omiso a nuestra orden.

Habida cuenta de ello, mediante una *Resolución* de 22 de mayo de 2023 le otorgamos un término de 10 días para que mostrara causa por la cual no le debíamos suspender del ejercicio de la profesión por incumplir con nuestros mandatos. Ante su reiterada incomparecencia, el 9 de junio

de 2023 concedimos un término final de 10 días para que compareciera y mostrara causa por la cual no le debíamos suspender del ejercicio de la profesión de la abogacía.[1] **El licenciado Montalvo Negrón no compareció.**

## II.

A partir del juramento que presta cada abogado al momento de ser admitido al ejercicio de la profesión de la abogacía, este se compromete a fijar su conducta íntimamente a las normas establecidas en el Código de Ética Profesional, supra. En ese sentido, su propósito como cuerpo rector y disciplinario recae en "promover el desempeño personal y profesional de los miembros de la profesión legal de acuerdo con los más altos principios de conducta decorosa, lo que, a su vez, resulta en beneficio de la profesión, la ciudadanía y las instituciones de justicia". In re Gilberto Cuevas Vélez, 2023 TSPR 133; In re Roberto O. Maldonado Nieves, 2023 TSPR 123; In re Torres Rivera, 2022 TSPR 107, 209 DPR ___ (2022).

Asimismo, hemos señalado que este deber se hace extensivo "no solo a la esfera de la litigación de causas, sino a la jurisdicción disciplinaria de este Tribunal". In re Medina Torres, 200 DPR 610, 628 (2018).

A la luz de ello, el Canon 9 del referido Código, supra, establece la conducta que los abogados deben observar ante los tribunales. Particularmente, les impone a los letrados

---

[1] Esta *Resolución* se notificó personalmente el 29 de junio de 2023.

"el deber de observar para con los tribunales una conducta que se caracterice por el mayor respeto". In re Gilberto Cuevas Vélez, supra; In re Roberto Rivera Irizarry, 2023 TSPR 126; In re Roberto O. Maldonado Nieves, supra. Por ello, un abogado que desatiende las órdenes judiciales y demuestra una actitud de indiferencia hacia nuestros apercibimientos sobre nuestra potestad de ejercer nuestra facultad disciplinaria, incurre en causa suficiente para su suspensión inmediata de la práctica de la profesión. Íd. De tal modo, que, "estos tienen la obligación de responder con premura y diligencia los requerimientos cursados con relación a una queja por conducta profesional o se exponen a sanciones disciplinarias serias". In re Medina Torres, supra. Ciertamente, la actitud de indiferencia a la autoridad de este Tribunal no puede ser tomada livianamente.

**III.**

El asunto ante nuestra consideración devela un patrón de falta de respeto e indiferencia hacia las órdenes de este Tribunal. Del expediente de autos surge que el licenciado Montalvo Negrón ha incumplido con nuestras órdenes en reiteradas ocasiones. Este Tribunal concedió múltiples oportunidades para que este compareciera ante nos y contestara la Queja presentada. Sin embargo, el licenciado Montalvo Negrón optó por ignorar nuestros requerimientos. Su desatención y apatía nos obligan a separarlo de este oficio al quebrantar el Canon 9 del Código de Ética Profesional, supra.

Por tanto, decretamos la suspensión inmediata e indefinida de la práctica de la abogacía y la notaría del Lcdo. Ricardo J. Montalvo Negrón.

**IV.**

Por los fundamentos expuestos, se decreta la suspensión inmediata e indefinida del Lcdo. Ricardo J. Montalvo Negrón del ejercicio de la abogacía y la notaría, por su craso incumplimiento con las órdenes de este Tribunal.

A la luz de lo anterior, le imponemos al señor Montalvo Negrón el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos donde tenga asuntos pendientes. Deberá, además, acreditar y certificarnos el cumplimiento de estos deberes, incluyendo una lista de los clientes y los foros a quienes le haya notificado de su suspensión, dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale al ejercicio de la profesión de solicitarlo en el futuro.

Además, le ordenamos al Alguacil de este Tribunal que proceda inmediatamente a incautar el sello y la obra notarial del señor Montalvo Negrón para que esta sea debidamente custodiada e inspeccionada por la Oficina de Inspección de Notarías. Así las cosas, de conformidad con la Ley Núm. 69 de 9 de marzo de 1911, según enmendada, 30 LPRA sec. 1725 et

seq., se da por terminada la última fianza otorgada. Así, se garantizan las funciones notariales del notario y la fianza se considerará buena y válida por tres (3) años después de su terminación para los actos realizados por el fiado durante el periodo en que estuvo vigente.

Se apercibe al señor Montalvo Negrón de que deberá devolver los documentos que le fueron entregados por el señor Cintrón De Jesús. El incumplimiento con esta orden podrá resultar en un referido al Tribunal de Primera Instancia para un procedimiento de desacato civil.

Consecuentemente, se le ordena a la Secretaría de este Tribunal que notifique esta *Opinión Per Curiam* y Sentencia por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA) al señor Montalvo Negrón y personalmente a través de la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Ricardo José Montalvo Negrón
     (TS-21,288)

                              AB-2023-0052

SENTENCIA

En San Juan, Puerto Rico, a 20 de diciembre de 2023.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se decreta la suspensión inmediata e indefinida del Lcdo. Ricardo J. Montalvo Negrón del ejercicio de la abogacía y notaría por su craso incumplimiento con las órdenes de este Tribunal.

A la luz de lo anterior, le imponemos al señor Montalvo Negrón el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos donde tenga asuntos pendientes. Deberá, además, acreditar y certificarnos el cumplimiento de estos deberes, incluyendo una lista de los clientes y los foros a quienes le haya notificado de su suspensión, dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale al ejercicio de la profesión de solicitarlo en el futuro.

Además, le ordenamos al Alguacil de este Tribunal que proceda inmediatamente a incautar el sello y la

obra notarial del señor Montalvo Negrón para que esta sea debidamente custodiada e inspeccionada por la Oficina de Inspección de Notarías. Así las cosas, de conformidad con la Ley Núm. 69 de 9 de marzo de 1911, según enmendada, 30 LPRA sec. 1725 et seq., se da por terminada la última fianza otorgada. Así, se garantizan las funciones notariales del notario y la fianza se considerará buena y válida por tres (3) años después de su terminación para los actos realizados por el fiado durante el periodo en que estuvo vigente.

Se apercibe al señor Montalvo Negrón de que deberá devolver los documentos que le fueron entregados por el señor Cintrón De Jesús. El incumplimiento con esta orden podrá resultar en un referido al Tribunal de Primera Instancia para un procedimiento de desacato civil.

Consecuentemente, se le ordena a la Secretaría de este Tribunal que notifique esta *Opinión Per Curiam* y Sentencia por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA) al señor Montalvo Negrón y personalmente a través de la Oficina del Alguacil de este Tribunal.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo