EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Frank Pola Jr. | 2024 TSPR 22<br><br>213 DPR ___ |

Número del Caso:  TS-7,102
                  AB-2023-0177


Fecha:  8 de marzo de 2024


Programa de Educación Jurídica Continua:

    Lcda. María Cecilia Molinelli González
    Directora Ejecutiva

    Lcda. Nicolle Lozada Báez
    Asesora Legal II

    Lcda. Caridad Rodríguez Feliciano
    Asesora Legal I

    Lcda. Myrel D. Marín Cruz
    Asesora Administrativa


Materia:  Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por infringir el Canon 9 del Código de Ética Profesional.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Frank Pola Jr.

TS-7,102
AB-2023-0177

*PER CURIAM*

En San Juan, Puerto Rico, a 8 de marzo de 2024.

Nuevamente nos vemos obligados a ejercer nuestro poder disciplinario sobre un miembro de la profesión legal que ha incumplido con órdenes de este Tribunal. En esta ocasión, intervenimos disciplinariamente con el Lcdo. Frank Pola Jr. por infringir el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX. En virtud de los fundamentos que expondremos, decretamos la suspensión inmediata e indefinida del letrado de la práctica de la abogacía y la notaría.

**I**

El Lcdo. Frank Pola Jr. (licenciado Pola) fue admitido al ejercicio de la abogacía el 30 de diciembre de 1980 y al ejercicio de la notaría el 29 de junio de 1983.

A.

El 21 de julio de 2023 la Sra. Luz M. Caride Meléndez (señora Caride Meléndez) presentó una *Queja* (AB-2023-0177) contra el licenciado Pola. La señora Caride Meléndez sostuvo que el 29 de diciembre de 1987 el licenciado Pola autorizó una escritura de compraventa de un inmueble. Además, indicó que en el presente se encontraba en el proceso de vender la propiedad objeto de la referida escritura, pero que ese trámite no había culminado por razones atribuibles al licenciado Pola. En particular, expresó que el licenciado Pola nunca inscribió la escritura de compraventa en el Registro de la Propiedad; en la escritura se hizo constar que el dinero de la venta se le entregó al Sr. Juan Salvat García, empleado bancario, cuando en realidad se le entregó al Sr. Antonio Cruz Santiago, el vendedor; y, las cantidades del pronto *vis a vis* el balance no coincidían con el total de la compra. La señora Caride Meléndez alega que estos errores en la escritura imposibilitan realizar la compraventa del inmueble.

La señora Caride Meléndez añadió en su queja que, luego de varios intentos de comunicarse con el letrado, logró contactarlo el 4 de abril de 2023 y este se comprometió a realizar las correcciones necesarias. Sin embargo, el licenciado Pola no hizo las correcciones solicitadas y, a pesar de múltiples intentos, la señora Caride Meléndez no logró contactarlo nuevamente.

El 22 de agosto de 2023 este Tribunal remitió copia de la Queja al licenciado Pola y concedió un término de diez (10) días para que presentara su contestación. Además, se le apercibió de las sanciones que podía acarrear su incomparecencia.

Dado el incumplimiento del letrado con lo anterior, el 19 de septiembre de 2023 este Tribunal le remitió una segunda notificación en la que se le concedió un término adicional de diez (10) días para contestar la queja. El letrado, nuevamente, hizo caso omiso a nuestra orden.

Habida cuenta de ello, mediante una Resolución de 13 de octubre de 2023 le otorgamos un término de diez (10) días para que mostrara causa por la cual no le debíamos suspender del ejercicio de la profesión por incumplir con nuestros mandatos. Ante su reiterada incomparecencia, el 7 de noviembre de 2023 concedimos un término final de diez (10) días para que compareciera y mostrara causa por la cual no le debíamos suspender del ejercicio de la profesión de la abogacía.[1] El licenciado Pola no compareció.

B.

En lo atinente a otro asunto ético del licenciado Pola, el 26 de octubre de 2023 la Directora Ejecutiva del Programa de Educación Jurídica Continua, la Lcda. María Cecilia Molinelli González (licenciada Molinelli González), trajo ante nuestra consideración un Informe sobre incumplimiento

---

[1] Esta resolución se notificó personalmente.

con el requisito de educación jurídica continua (Informe), mediante el cual expuso que el licenciado Pola no cumplió con los requisitos reglamentarios de educación continua durante el periodo del 1 de febrero de 2018 al 31 de enero de 2021 ni compareció ante el Programa de Educación Jurídica Continua (PEJC).[2]

Debido al referido incumplimiento del licenciado Pola, el 4 de diciembre de 2023 emitimos un *Resolución* en la que le concedimos un término de veinte (20) días para que compareciera y mostrara causa por la cual no le debíamos suspender del ejercicio de la profesión de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido. El licenciado Pola no compareció.

A la luz de los hechos antes expuestos, procedemos a disponer del proceso disciplinario ante nuestra consideración.

**II**

Como parte de nuestra facultad de regular la profesión legal en Puerto Rico, este Tribunal tiene la obligación de

---

[2] El 23 de abril de 2021, el PEJC le notificó al licenciado Pola un Aviso de Incumplimiento para el periodo de 1 de febrero de 2018 al 31 de enero de 2021. Tras conceder una prórroga de sesenta (60) días, el 10 de mayo de 2022 el PEJC envió una misiva concediendo una prórroga final de sesenta (60) días para evidenciar el cumplimiento con los créditos adeudados. Posteriormente, el 29 de agosto de 2023 el PEJC envió otro correo electrónico informándole al letrado de la necesidad de evidenciar su cumplimiento con los requisitos de educación jurídica continua. Finalmente, el 5 y el 6 de septiembre se le enviaron otras dos comunicaciones por correo electrónico informándole que han tenido dificultades comunicándose por teléfono con la información que surge del Registro Único de Abogados y Abogadas y proveyéndole enlaces a algunos proveedores que ofrecen cursos en línea.

asegurarse de que los profesionales del derecho admitidos al ejercicio de la abogacía realicen sus funciones de forma responsable, competente y diligente. *In re* Bermúdez Tejero, 2021 TSPR 8, 206 DPR 86 (2021); *In re* Lewis Maymó, 205 DPR 397, 402 (2020).

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, exige a todos los miembros de la profesión legal a conducirse ante los tribunales con una conducta que se caracterice por el mayor respeto. *In re* Lajara Radinson, 2021 TSPR 111, 207 DPR 854 (2021); *In re* Cintrón Rodríguez, 205 DPR 299, 308 (2020); *In re* Alers Morales, 204 DPR 515, 519 (2020). Acorde con ese mandato, hemos insistido en el ineludible deber que tienen todos los abogados de cumplir con prontitud y diligencia con las órdenes de este Tribunal, en especial cuando se trata de procesos disciplinarios. *In re* Molinary Machado, 2019 TSPR 142 (2019); *In re* Cintrón Rodríguez, supra, pág. 308; *In re* López Cordero, 2018 TSPR 80 (2018). De igual forma, hemos expresado que dicho deber "se extiende a los requerimientos hechos por la Oficina del Procurador General, la Oficina de Inspección de Notarías y el Programa de Educación Jurídica Continua". *In re* Cintrón Rodríguez, supra; *In re* López Pérez, 201 DPR 123, 126 (2018); *In re* Arocho Cruz, 200 DPR 352, 361 (2018). Cónsono con lo expuesto, hemos catalogado la desatención de nuestras órdenes por parte de los abogados como una afrenta a la autoridad de los tribunales, lo que constituye una violación al Canon 9 del Código de Ética Profesional, supra, y dicha conducta

podría conllevar que se decrete la separación inmediata e indefinida de la profesión legal. *In re* López Pérez, supra, pág. 126; *In re* Canales Pacheco, 200 DPR 228, 233 (2018).

### III

De conformidad con los hechos aquí reseñados, se puede colegir que el licenciado Pola ha desatendido las órdenes emitidas por este Tribunal, a pesar de nuestros apercibimientos sobre las consecuencias que su incumplimiento podría acarrear.

El comportamiento del letrado se distancia de la conducta de respeto hacia los tribunales que exige el Canon 9 del Código de Ética Profesional, *supra*, a todos los miembros de la profesión legal. La desidia y la falta de diligencia desplegada ante los requerimientos del PEJC y las órdenes de este Tribunal reflejan una actitud de menosprecio e indiferencia a nuestra autoridad. Ante esta realidad, en virtud de nuestro poder inherente de reglamentar la abogacía, procede decretar su suspensión inmediata e indefinida de la práctica de la profesión legal.

### IV

Por los fundamentos antes expuestos, decretamos la suspensión inmediata e indefinida del licenciado Pola del ejercicio de la abogacía y de la notaría.

El señor Pola deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándolos. Asimismo, deberá devolver los expedientes de los casos pendientes, así como los honorarios recibidos

por trabajos no realizados. De igual manera, deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente. También, deberá acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo podría conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

De otra parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del señor Pola y entregarlos al Director de la Oficina de Inspección de Notarías (ODIN) para el correspondiente examen e informe. Además, en virtud de la suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales del señor Pola queda automáticamente cancelada. Esta fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Frank Pola Jr.

TS-7,102
AB-2023-0177

SENTENCIA

En San Juan, Puerto Rico, a 8 de marzo de 2024.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión inmediata e indefinida del Lcdo. Frank Pola Jr. de la práctica de la abogacía y la notaría.

Le ordenamos al señor Pola a notificar a todos y todas sus clientes de su inhabilidad para continuar representándoles y a devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no realizados. Además, deberá informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes les notificó de su suspensión, dentro del término de 30 días contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale al ejercicio de la abogacía de solicitarlo en el futuro.

De otra parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del señor Pola y entregarlos al Director de

la Oficina de Inspección de Notarías (ODIN) para el correspondiente examen e informe. Además, en virtud de la suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales del señor Pola queda automáticamente cancelada. Esta fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese al señor Pola de esta Opinión *Per Curiam* y Sentencia por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo