EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                              |                    |
|                                     | 2024 TSPR 56       |
| Sheela Marie Robles Vega            | 213 DPR ___        |
| (TS-21,262)                         |                    |

Número del Caso:  AB-2023-0202

Fecha:  31 de mayo de 2024

Representante legal de la promovida:

    Por derecho propio

Materia:  Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía por infringir el Canon 9 del Código de Ética Profesional.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Sheela Marie Robles Vega        AB-2023-0202
     (TS-21,262)

*PER CURIAM*

En San Juan, Puerto Rico, a 31 de mayo de 2024.

Una vez más, esta Curia se ve obligada a ejercer su poder inherente disciplinario ante los incumplimientos repetidos de una miembro de la profesión legal con las órdenes de este Tribunal. En esta ocasión, intervenimos disciplinariamente con la Lcda. Sheela Marie Robles Vega por infringir el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX. En virtud de las razones que esbozamos a continuación, decretamos la suspensión inmediata e indefinida de la letrada de la práctica de la abogacía.

I

El 23 de agosto de 2023 la Sra. Wildallie Rodríguez Rivera (señora Rodríguez Rivera) presentó

una *Queja* en contra de la Lcda. Sheela Marie Robles Vega (licenciada Robles Vega o letrada).[1] Alegó que el 6 de marzo del 2023 firmó un contrato con la licenciada Robles Vega para que esta última la representara en un pleito sobre acoso laboral, despido constructivo, y daños y perjuicios. Expresó que luego de firmar el contrato, y tras solicitarle información sobre el estatus de su reclamación, la letrada le comunicó que su demanda había sido debidamente presentada. Sin embargo, indicó que, a pesar de que se le solicitó a la licenciada Robles Vega en un sinnúmero de ocasiones que le cursara copia de la demanda referida, esto nunca ocurrió.

Mencionó que la única comunicación que mantuvo con la letrada desde que pactó que la representaría había sido a través de mensajes de texto y por medio de la secretaria de esta. Además, afirmó que su esposo se personó a la oficina de la licenciada Robles Vega y que, a pesar de que esta los citó, luego canceló la reunión. Añadió que tuvo que realizar gestiones en el Tribunal de Primera Instancia de Bayamón para verificar si, en efecto, existía un pleito presentado bajo su nombre, lo que resultó infructuoso. Esto pues, según le informaron, tal caso no surgía de los registros del tribunal.

Insistió que en diversas ocasiones le había expresado a la licenciada Robles Vega sobre su preocupación respecto

---

[1] La Lcda. Sheela Marie Robles Vega fue admitida a la práctica de la abogacía el 15 de agosto de 2017.

a la vigencia de su causa de acción, la cual, según arguyó, a la fecha de la presentación de la *Queja* había vencido. Sin embargo, sostuvo que no había recibido comunicación ni información alguna de parte de la letrada. Por todo lo anterior, presentó la *Queja* que nos ocupa.[2]

El 13 de septiembre de 2023 este Tribunal le remitió a la licenciada Robles Vega copia de la referida *Queja* y le proveyó un término de diez días para que presentara su contestación. Se le apercibió de las sanciones que podía acarrear su incomparecencia.

El 25 de septiembre de 2023 la licenciada Robles Vega presentó una *Moción en solicitud de prórroga*. Alegó que se encontraba en el proceso de obtener representación legal por lo que solicitó un término de treinta días. Acto seguido, el 27 de septiembre de 2023 este Tribunal le concedió el término solicitado. Nuevamente, se le apercibió de las consecuencias posibles de continuar incumpliendo, lo que incluía la imposición de sanciones disciplinarias más severas como la separación del ejercicio de la abogacía.

La licenciada Robles Vega compareció el 27 de octubre de 2023 y nos solicitó una prórroga adicional de treinta días. Arguyó que el representante legal que había contratado posteriormente le avisó que no podría llevar a cabo la labor.

---

[2] La Sra. Wildallie Rodríguez Rivera anejó varios documentos con la presentación de la *Queja*. Estos son los siguientes: (1) contrato de servicios profesionales y honorarios; (2) evidencia de la transferencia de $200 a la licenciada Robles Vega; (3) cadena de mensajes de texto entre la licenciada Robles Vega y la señora Rodríguez Rivera, y (4) correos electrónicos de la señora Rodríguez Rivera a la licenciada Robles Vega.

Asimismo, sostuvo que estuvo bajo tratamiento de salud de emergencia, lo que le impidió cumplir con el término provisto. En vista de lo anterior, el 30 de octubre de 2023 se le concedió un término adicional de treinta días. Una vez más, se le apercibió de que su incumplimiento podría conllevar sanciones más severas.

Transcurrido el plazo, la licenciada Robles Vega no presentó su contestación a la *Queja*. Ante su incumplimiento, el 29 de diciembre de 2023,[3] emitimos una *Resolución* en la que se le otorgó a la letrada un término de diez días para que mostrara causa por la cual no debía ser suspendida del ejercicio de la profesión de la abogacía. La letrada no compareció.

El 26 de enero de 2024 emitimos una *Resolución* —que se notificó personalmente— en la que se le dio un término final de diez días para que compareciera y mostrara causa por la cual no debía ser suspendida. Esto, tras sus reiteradas faltas ante las órdenes de este Tribunal.[4]

En respuesta, el 13 de febrero de 2024 la licenciada Robles Vega compareció ante nos mediante *Moción urgente en solicitud de prórroga*, en la que notificó que tuvo un accidente automovilístico y arrojó positivo a COVID-19. Por ello, solicitó un término final de treinta días para presentar su contestación a la *Queja*. Habida cuenta de ello,

---

[3] Esta *Resolución* se notificó el 3 de enero de 2024.
[4] Esta *Resolución* se notificó personalmente el 29 de enero de 2024 a las 10:00 a.m.

mediante *Resolución* el 27 de febrero de 2024 le concedimos un término de veinte días.[5] Se le advirtió finalmente que, de incumplir con lo ordenado por este Tribunal, podría estar sujeta a sanciones más severas, lo que incluye su suspensión de la profesión legal. **La licenciada Robles Vega no compareció.**

## II

Todo abogado y toda abogada tiene un deber de adherirse a los preceptos y normas establecidas en el Código de Ética Profesional, *supra*, tan pronto es admitido y admitida a la profesión de la abogacía. In re Montalvo Negrón, 2023 TSPR 146, pág. 5. Particularmente, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, "les impone a los letrados [y a las letradas] 'el deber de observar para con los tribunales una conducta que se caracterice por el mayor respeto'". Íd., págs. 4-5. Véanse, además, In re Cuevas Vélez, 2023 TSPR 133; In re Roberto Rivera Irizarry, 2023 TSPR 126; In re Roberto O. Maldonado Nieves, 2023 TSPR 123. Como parte de este deber, este Tribunal ha sido enfático al exigir que los abogados y las abogadas -particularmente cuando estén sujetos a un proceso disciplinario- atiendan nuestras órdenes con diligencia y premura. In re López Santiago, 199 DPR 797, 808 (2018); In re Acevedo Álvarez, 199 DPR 1, 6 (2017); In re Vázquez Bernier, 198 DPR 459, 466 (2017).

El incumplimiento y la desatención de nuestras órdenes

---

[5] Esta *Resolución* se notificó el 29 de febrero de 2024.

constituye una afrenta a nuestra autoridad de regular la profesión de la abogacía y una violación directa al Canon 9 de Ética Profesional, *supra*. In re Pola, 2024 TSPR 22, págs. 5-6; In re López Pérez, 201 DPR 123, 126 (2018); In re Canales Pacheco, 200 DPR 228, 233 (2018). "Por ello, un abogado [o una abogada] que desatiende las órdenes judiciales y demuestra una actitud de indiferencia hacia nuestros apercibimientos sobre nuestra potestad de ejercer nuestra facultad disciplinaria, incurre en causa suficiente para su suspensión inmediata de la práctica de la profesión". In re Montalvo Negrón, *supra*, pág. 5.

**III**

La falta de diligencia de la licenciada Robles Vega para atender las órdenes de este Tribunal revela una conducta contumaz e irreverente que está en clara violación con el Canon 9 de Ética Profesional, *supra*. A pesar de que le concedimos múltiples oportunidades para que compareciera ante nos y de que le apercibimos en ocasiones reiteradas las consecuencias que podría acarrear su incumplimiento, la licenciada Robles Vega optó por ignorar nuestros requerimientos en claro menosprecio y displicencia de nuestra autoridad.

Como parte de nuestro poder inherente de regular la profesión legal, es nuestro deber separar a la letrada del ejercicio de la abogacía inmediata e indefinidamente por quebrantar los postulados de diligencia y prontitud que le exige el Canon 9 de Ética Profesional, *supra*.

**IV**

Por los fundamentos antes expuestos, decretamos la suspensión inmediata e indefinida de la licenciada Robles Vega del ejercicio de la abogacía.

La señora Robles Vega deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándolos. Asimismo, deberá devolver los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente. También, deberá acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de treinta días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo podría conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Sheela Marie Robles Vega
    (TS-21,262)

AB-2023-0202

SENTENCIA

En San Juan, Puerto Rico, a 31 de mayo de 2024.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión inmediata e indefinida de la Lcda. Sheela Marie Robles Vega del ejercicio de la abogacía.

La señora Robles Vega deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándolos. Asimismo, deberá devolver los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente. También, deberá acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de treinta días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo podría conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo