EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2023 TSPR 123 |
| | |
| Roberto O. Maldonado Nieves (TS-8,178) | 213 DPR ___ |

Número del Caso:  AB-2022-0099


Fecha:  4 de octubre de 2023


Oficina del Procurador General:

     Lcda. Mabel Sotomayor Hernández
     Subprocuradora General

     Lcda. Yaizamarie Lugo Fontánez
     Procuradora General Auxiliar

     Lcda. Gisela Rivera Matos
     Procuradora General Auxiliar


Abogado del Promovido:

     Por derecho propio




Materia:  Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por infracción a los Cánones 9 y 12 del Código de Ética Profesional.



Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Roberto O. Maldonado Nieves
(TS-8,178)                          AB-2022-0099

*PER CURIAM*

En San Juan, Puerto Rico, a 4 de octubre de 2023.

Una vez más nos vemos obligados a suspender a un miembro de la profesión legal del ejercicio de la abogacía y la notaría, en esta ocasión por sus infracciones a los Cánones 9 y 12 de Ética Profesional, *infra*. Veamos.

I.

El Lcdo. Roberto O. Maldonado Nieves (en adelante, "licenciado Maldonado Nieves") fue admitido al ejercicio de la abogacía el 10 de enero de 1986 y al ejercicio de la notaría el 10 de marzo de 1988.

El 1 de junio de 2022 la Sra. Grisel Torres Matías (en adelante, "señora Torres Matías") presentó una queja ética en contra del licenciado Maldonado Nieves. En ésta, alegó que contrató los servicios

profesionales del mencionado letrado para realizar cierta declaratoria de herederos de sus padres. En particular, la señora Torres Matías sostuvo que, desde que solicitó los servicios profesionales del licenciado Maldonado Nieves, no había tenido contacto alguno con éste. Ello, a pesar de los múltiples intentos de comunicarse con el referido letrado mediante correos electrónicos, a los cuales no había recibido respuesta.[1]

De igual forma, en la referida queja, la señora Torres Matías adujo que, -- inconforme con el proceder del licenciado Maldonado Nieves --, el 14 de mayo de 2022 visitó la oficina del referido letrado para recoger el expediente del caso y el depósito pagado. Sin embargo, sostuvo que el licenciado Maldonado Nieves únicamente le entregó las copias de los certificados de nacimiento de sus hermanos, del certificado de defunción de sus padres y de los poderes que le otorgaron sus hermanos en Estados Unidos; reteniendo así, el depósito entregado a éste para los trabajos requeridos.

En respuesta, el 5 de agosto de 2022 el referido letrado presentó su contestación a la queja. En ésta, aceptó que no pudo cumplir con las labores encomendadas, por lo cual ofreció sus disculpas.

Además, arguyó que orientó a la señora Torres Matías con relación a los servicios solicitados por ésta. En particular,

---

[1] **En específico, ésta señaló que intentó comunicarse por correo electrónico con el licenciado Maldonado Nieves los días 8 y 10 de diciembre 2021; 27 de abril de 2022 y 3, 14, 24, y 27 de mayo de 2022. Además, adujo que le envió al mencionado letrado mensajes de texto el 25 de octubre de 2021; el 1 de noviembre de 2021; el 8, 9, y 13 de diciembre 2021; el 3, 10, 11 de enero de 2022 y el 8 de febrero de 2022.**

sobre la declaración de herederos en ausencia de testamento, las participaciones que le correspondía a cada heredero y de los documentos necesarios para realizar el trabajo.

De otra parte, manifestó que su desempeño laboral se vio afectado debido a unos problemas de salud que ha atravesado en los últimos años. En específico, adujo que posterior a ser contratado por la señora Torres Matías, sufrió de serios percances de salud, por lo cual tuvo que someterse a dos cirugías.

Asimismo, manifestó que en noviembre de 2019 comenzó a sufrir pérdida de visión, y por lo tanto se le hacía difícil leer y escribir. Debido a lo anterior, adujo que se veía obligado a revisar los documentos varias veces para cotejar que no hubiese errores.

Por último, indicó que el 4 de agosto de 2022 reembolsó a la señora Torres Matías los $700.00 que pagó por sus servicios. Sobre la entrega de los documentos del expediente, sostuvo que, -- mediante correo electrónico --, le envió los archivos electrónicos de las labores realizadas y que el 31 de agosto de 2023 le serían entregados los poderes.

Examinada la anterior conducta, este Tribunal refirió el asunto a la Oficina del Procurador General para que investigara y rindiera el informe de rigor. En cumplimiento con ello, el 21 de octubre de 2022 la referida dependencia gubernamental presentó el correspondiente *Informe,* en el cual concluyó que el licenciado Maldonado Nieves infringió los

Cánones 18, 19, 20 y 23 del Código de Ética Profesional, 4 LPRA Ap. IX.

Así las cosas, el 2 de noviembre de 2022 emitimos una *Resolución,* en la cual le concedimos a todas las partes con interés en el presente proceso disciplinario un término de veinte (20) días, contados a partir de su notificación, para que se expresaran sobre el referido *Informe.*

Enterado de lo anterior, el 8 de noviembre de 2022 el licenciado Maldonado Nieves compareció ante nos y solicitó un término de veinte (20) días adicionales para responder al *Informe* de la Oficina del Procurador General. Manifestó que, ante su delicada situación de salud, le fue necesario recurrir a la atención médica correspondiente, someterse a varios estudios, exámenes y pruebas de salud, además de referidos a varios especialistas, razón por la cual no le fue posible expresarse sobre el *Informe*, según le había sido requerido por este Tribunal.

Evaluada la petición realizada por el referido letrado, el 29 de noviembre de 2022 emitimos una *Resolución* mediante la cual le concedimos a éste el término adicional, según solicitado. Le advertimos, además, que de no comparecer en el término provisto se entendería que éste se allanaba a las recomendaciones formuladas en el *Informe.*

Así las cosas, tras la incomparecencia del licenciado Maldonado Nieves en el término aludido, y según el apercibimiento que realizamos, el 24 de febrero de 2023 emitimos una *Resolución* mediante la cual acogimos la

recomendación contenida en el *Informe* de la Oficina del Procurador General y le ordenamos al referido letrado a que acreditara la devolución de la totalidad del expediente en el caso en que representó a la señora Torres Matías y familia, ello como condición para ordenar el archivo del presente proceso disciplinario.

En cumplimiento con lo ordenado, el 13 de marzo de 2023 el licenciado Maldonado Nieves compareció ante nos mediante *Moción en cumplimiento de orden*. En ésta, nos expresó haber entregado todos los documentos que formaban parte del expediente físico y electrónico respecto a los asuntos encomendados por la señora Torres Matías. Además, manifestó que devolvió los honorarios de abogado que le fueron pagados, sin descontar los honorarios correspondientes a las gestiones llevadas a cabo.

Evaluada la comparecencia del licenciado Maldonado Nieves, el 16 de marzo de 2023 emitimos una *Resolución* en la cual le concedimos un término de quince (15) días a la señora Torres Matías para que nos acreditara el recibo de la totalidad del expediente relacionado al caso en que el licenciado Maldonado Nieves les representó. Esto tenía la intención de confirmar lo expresado por el referido letrado y dar por cumplida nuestra orden.

El 4 de abril de 2023 la señora Torres Matías compareció ante nos e informó que el referido letrado no había cumplido en su totalidad con nuestra *Resolución* del 24 de febrero de 2023, pues todavía adeudaba los siguientes documentos: "[los]

poderes de [Á]ngel M. Maldonado Matías y Wigberto Torres Matías[,] ambos poderes enviados por correo directo al [l]icenciado Maldonado. El poder de Javier Torres Matías[,] el cual presento copia junto a esta solicitud[,] está incompleto, faltando la gestión que debió realizar el [l]icenciado Maldonado".[2]

Examinada la comparecencia de la señora Torres Matías, el 14 de abril de 2023 mediante *Resolución,* le concedimos al licenciado Maldonado Nieves un término de quince (15) días para que se expresara sobre lo señalado por la señora Torres Matías. En particular, sobre aquellos documentos que esta última alega no le habían sido entregados.

En respuesta, el 1 de mayo de 2023 el referido letrado compareció mediante *Moción de prórroga.* En síntesis, aludió nuevamente a sus complicaciones de salud y cómo éstas le han obstaculizado el poder cumplir con su labor. En virtud de ello, nos solicitó un término de dos (2) meses y doce (12) días para cumplir con lo ordenado por este Tribunal.

Evaluada dicha moción, el 8 de mayo de 2023 le concedimos al licenciado Maldonado Nieves un término de quince (15) días para que éste acreditara, con evidencia fehaciente, lo expresado en su *Moción de prórroga.* Entiéndase, sus percances de salud, los cuales éste expresó le impedían cumplir con nuestras órdenes.

---

[2] Véase comparecencia de la señora Torres Matías con fecha de 4 de abril de 2023.

Pasado el término provisto en nuestra *Resolución* del 8 de mayo de 2023 sin que se cumpliera lo allí dispuesto, el 1 de junio de 2023, le concedimos al licenciado Maldonado Nieves un término final de cinco (5) días para que cumpliera con nuestra *Resolución* del 8 de mayo de 2023. En particular, que acreditara con prueba fehaciente los percances de salud que no le permiten cumplir con nuestras órdenes.

El 20 de junio de 2023, fuera del término concedido para ello, el licenciado Maldonado Nieves compareció ante nos mediante *Moción de reconsideración.* En su escrito, sostuvo argumentos similares a los expresados previamente respecto a su salud y, luego de presentar la evidencia requerida sobre sus padecimientos de salud, nos solicitó un término de veinte (20) días para cumplir con la *Resolución* del 14 de abril de 2023.

Acto seguido, el 27 de junio de 2023 emitimos una *Resolución* en la cual le concedimos al licenciado Maldonado Nieves un término final e improrrogable de veinte (20) días para que cumpliera con lo dispuesto en nuestra *Resolución* del 14 de abril de 2023. Es decir, dimos por cumplida nuestra orden de que el licenciado Maldonado Nieves nos acreditara su estado de salud con evidencia fehaciente y, en consecuencia, le ordenamos a que se expresara sobre los documentos adeudados según alegó la señora Torres Matías en su comparecencia. Le advertimos, además, que su incumplimiento con las órdenes de este Tribunal pudiese conllevar sanciones severas, como la suspensión de la abogacía.

Luego de dos (2) meses y cinco (5) días de haber vencido el término que este Tribunal le había concedido, sin cumplir con lo ordenado por esta Curia en su *Resolución* de 14 de abril de 2023, el 1 de agosto de 2023 el licenciado Maldonado Nieves acude ante nos mediante *Moción en cumplimiento de orden*. En ésta alude nuevamente, a sus problemas de salud como causa de su dilación.[3] Sin embargo, nada menciona sobre lo expresado por la señora Torres Matías en su comparecencia. En particular, sobre los documentos adeudados.

Es, pues, a la luz de los datos fácticos antes expuestos que procedemos a esbozar la normativa aplicable al proceso disciplinario ante nuestra consideración.

## II.

Como es sabido, la conducta de aquellos y aquellas que integran la profesión legal se rige por los postulados contenidos en el Código de Ética Profesional, 4 LPRA Ap. IX. Dicho ordenamiento deontológico tiene como propósito promover el desempeño profesional de los abogados y las abogadas conforme los más altos principios de conducta decorosa. *In re Lugo Quiñones*, 206 DPR 1, 9 (2021); *In re Espino Valcárcel,* 199 DPR 761 (2018); *In re Burgos García*, 198 DPR 50 (2017). Esto, a su vez, redunda en el beneficio no solo de las instituciones de justicia, sino también de la ciudadanía en general. *In re García Pérez*, 2023 TSPR 36, 211 DPR __ (2023);

---

[3] **Valga señalar que, al cotejar con Secretaría, el licenciado Maldonado Nieves ha presentado recientemente dos recursos ante este Tribunal, uno con fecha de 20 de abril de 2023 (Caso Núm. CC-2023-0247) y otro el 17 de julio de 2023 (CT-2023-0002).**

*In re Rodríguez Lugo,* 201 DPR 729 (2019); *In re Cruz Liciaga,* 198 DPR 828 (2017).

A tenor con lo anterior, y en lo pertinente al asunto que nos ocupa, el **Canon 9** del Código de Ética Profesional, *supra*, le impone a la clase togada el deber de "observar para con los tribunales una conducta que se caracterice por el mayor respeto". Canon 9 del Código de Ética Profesional, *supra.* Véase, además, *In re Cardona Estelritz,* 2023 TSPR 100, 212 DPR __ (2023); *In re Meléndez Mulero,* 208 DPR 541 (2022); *In re López Santiago,* 199 DPR 797 (2018). Como corolario del respeto profundo que deben tener los abogados y las abogadas hacia el foro judicial, el mencionado Canon le ordena a las y los miembros de la profesión legal comparecer en tiempo a los señalamientos notificados por el tribunal, así como a cualquier requerimiento u orden emitida por los tribunales. *In re Ocasio Bravo,* 209 DPR 143, 1052 (2022); *In re Lugo Quiñones, supra,* págs.9-10; *In re Pérez Guerrero,* 201 DPR 345 (2018). Así pues, desobedecer las órdenes emitidas por los tribunales de justicia constituye un grave insulto a la autoridad de éstos, lo cual está en directa violación al deber de conducta exigida por el referido Canon. *In re Ocasio Bravo, supra,* pág. 1052; *In re Hance Flores,* 193 DPR 767 (2015); *In re Roldos Matos,* 161 DPR 373 (2004).

Cónsono con esto, hemos sentenciado que una infracción al Canon 9 del Código de Ética Profesional, *supra*, es razón suficiente para decretar la separación inmediata e indefinida de la profesión. *In re Meléndez Mulero, supra,* pág. 550; *In*

*re López Pérez* 201 DPR 123, 216 (2018); *In re Canales Pacheco*, 200 DPR 228,233 (2018).

De otra parte, el **Canon 12** del mencionado ordenamiento deontológico, le impone a todo abogado y abogada el deber de tramitar las causas con puntualidad y diligencia. *In re Meléndez Mulero, supra,* pág. 551; *In re Rándison Pérez et al.,*204 DPR 522 (2020); *In re Otero, Pacheco*, 200 DPR 561, 572-573 (2018). Así pues, "todo abogado [y abogada] que incumpl[a] con las órdenes de este Tribunal, con los requerimientos de sus dependencias o alguna otra entidad pública que intervenga en el proceso disciplinario viola el Canon 12 de Ética Profesional". *In re Cardona Estelritz, supra*, pág. 9.

En esa dirección, hemos sentenciado que el deber de diligencia es una obligación elemental del abogado o abogada hacia su cliente. *In re Torres Alvarado,* 2023 TSPR 84, 212 DPR __ (2023); *In re Rodríguez Lugo, supra, pág. 737; In re Morell Bergantiños*, 195 DPR 759 (2016). Para cumplir con el mismo, éste o ésta debe realizar aquellas gestiones que le fueron encomendadas de forma oportuna y adecuada, y sin dilaciones que puedan afectar la pronta solución de la controversia. *In re Torres Alvarado, supra; In re Otero Calero, supra; In re Pietri Torres*, 191 DPR 482, 488 (2014).

Y es que, el incumplir con el referido Canon pudiese acarrear sanciones disciplinarias severas. *In re López Santiago, supra*, pág. 810; *In re Nieves Nieves,* 181 DPR 25, 36 (2011); *In re Collazo I*, 159 DPR 141, 148-149 (2003). Esto

ocurre, puesto que, "desobedecer las órdenes de los tribunales 'demuestra una grave infracción a los principios básicos de ética profesional, que exigen el mayor respeto hacia los tribunales'". *In re López Santiago, supra*, pág. 810 citando a *In re Nieves Nieves*, *supra,* pág.36

### III.

Por último, al momento de imponer una sanción disciplinaria por violación a los Cánones de Ética Profesional a los que hemos hecho referencia, este Tribunal debe tomar en consideración los siguientes factores: (1) la reputación del abogado en la comunidad; (2) su historial previo; (3) si la falta en cuestión constituye su primera infracción; (4) si ninguna parte ha resultado perjudicada; (5) la aceptación de la falta y su sincero arrepentimiento; (6) si es una conducta aislada; (7) si medió ánimo de lucro en su actuación; (8) el resarcimiento al cliente; y (9) cualquier otra consideración, ya sea atenuante o agravante, que surja de los hechos. *In re Torres Alvarado*, *supra*; *In re Alomar Santiago,* 2023 TSPR 16, 211 DPR __ (2023); *In re Joglar Castillo,* 210 DPR 956 (2022).

Es, precisamente, a la luz de la normativa deontológica antes expuesta que procedemos a disponer del caso que nos ocupa.

### IV.

Como mencionamos anteriormente, previo al archivo de la queja que dio margen al presente proceso disciplinario, le requerimos al licenciado Maldonado Nieves que nos acreditara

la devolución de la totalidad del expediente relacionado a los servicios profesionales para los cuales fue contratado por la señora Torres Matías. **Sin embargo, luego de numerosas comparecencias tardías, y de un sinnúmero de prórrogas concedidas, hasta el día de hoy, el licenciado Maldonado Nieves aún no ha entregado una serie de documentos adeudados a la señora Torres Matías, en claro incumplimiento con nuestras órdenes.**

El referido letrado alude a cierta situación de salud, -- la cual fue acreditada --, que le impide realizar dicha encomienda, no obstante, simultáneamente presenta recursos ante este Tribunal.[4] Es por ello que, no cabe duda alguna que la conducta desplegada por el referido letrado es una de descuido e indiferencia para con la señora Torres Matías y nuestras órdenes. Tal conducta no la toleraremos.

Cabe señalar también, que al momento de determinar la sanción que se le impone al letrado de epígrafe, consideramos que el licenciado Maldonado Nieves ha sido suspendido anteriormente por infringir los Cánones 9, 12, 18, 19, 35 y 38, por lo que ordenamos la suspensión inmediata e indefinida de éste en aquella ocasión.[5]

---

[4] Valga señalar nuevamente que, al cotejar con Secretaría, el licenciado Maldonado Nieves ha presentado recientemente dos recursos ante este Tribunal, uno con fecha de 20 de abril de 2023 (Caso Núm. CC-2023-0247) y otro el 17 de julio de 2023 (CT-2023-0002).

[5] *In re Maldonado Nieves*, 192 DPR 973 (2015). En esa ocasión, el licenciado Maldonado Nieves atribuyó su incumplimiento con las órdenes de este Tribunal -- a pesar de haber solicitado múltiples prórrogas -- a problemas de salud de algunos familiares y a que había sido víctima de escalamiento en su hogar, donde le hurtaron tres computadoras, entre ellas, aquella en la que estaba trabajando la contestación a la queja. Sin embargo, nunca acompañó prueba fehaciente sobre las razones que le imposibilitaron contestar la queja en cuestión.

V.

A la luz de todo lo antes expuesto, se suspende inmediata e indefinidamente al licenciado Roberto O. Maldonado Nieves del ejercicio de la abogacía y la notaría.

En consecuencia, se le impone a éste el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en donde tenga casos pendientes. Asimismo, tiene la obligación de entregarle los poderes adeudados a la señora Torres Matías y, además, acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó su suspensión, dentro del término de treinta (30) días a partir de la notificación de esta *Opinión Per Curiam y Sentencia.* Se le advierte que, su incumplimiento pudiera conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

La fianza notarial del señor Maldonado Nieves queda automáticamente cancelada; ésta se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados durante el periodo en que la misma estuvo vigente.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y sello notarial del señor Maldonado Nieves y entregar

los mismos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese por correo electrónico esta *Opinión Per Curiam* y *Sentencia* al señor Maldonado Nieves.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:


Roberto O. Maldonado Nieves
     (TS-8,178)                    AB-2022-0099


*SENTENCIA*


En San Juan, Puerto Rico, a 4 de octubre de 2023.


Por las razones expuestas en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente al licenciado Roberto O. Maldonado Nieves del ejercicio de la abogacía y la notaría.

En consecuencia, se le impone a éste el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en donde tenga casos pendientes. Asimismo, tiene la obligación de entregarle los poderes adeudados a la señora Torres Matías y, además, acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de treinta (30) días a partir de la notificación de esta *Opinión Per Curiam y Sentencia.* Se le advierte que, su incumplimiento pudiera conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

La fianza notarial del señor Maldonado Nieves queda automáticamente cancelada; ésta se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados durante el periodo en que la misma estuvo vigente.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y sello notarial del señor Maldonado Nieves y entregar los mismos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese por correo electrónico esta *Opinión Per Curiam* y *Sentencia* al señor Maldonado Nieves.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Estrella Martínez no intervino.


                              Javier O. Sepúlveda Rodríguez
                              Secretario del Tribunal Supremo