EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                      | 2024 TSPR 57      |
|                             |                   |
|                             | 213 DPR ___       |
| Leslie J. Martínez Botet    |                   |

Número del Caso:  TS-16,521


Fecha:  10 de junio de 2024


Materia:  Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por infringir el Canon 9 del Código de Ética Profesional.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Leslie J. Martínez Botet        TS-16,521

*PER CURIAM*

En San Juan, Puerto Rico, a 10 de junio de 2024.

En esta ocasión, ejercemos nuestra facultad disciplinaria sobre una integrante de la profesión legal que ha hecho caso omiso a las órdenes de este Tribunal. Intervenimos disciplinariamente con la Lcda. Leslie J. Martínez Botet por infringir el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX. En virtud de los fundamentos que expondremos más adelante, decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría.

Veamos los hechos que motivan nuestra determinación.

I

La Lcda. Leslie J. Martínez Botet (licenciada

Martínez Botet) fue admitida al ejercicio de la abogacía y la notaría en 2007.

En lo pertinente, advinimos en conocimiento de una serie de correos electrónicos que, durante el mes de marzo pasado, la licenciada Martínez Botet cursó a un correo institucional del Poder Judicial que es utilizado por personal de la Secretaría de este Tribunal para fines oficiales. Al considerar que el contenido de estos arrojaba duda sobre la capacidad mental de la licenciada Martínez Botet, el 19 de marzo de 2024 le concedimos un término de 15 días para que mostrara causa por la cual no se debía iniciar en su contra un procedimiento al amparo de la Regla 15 del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B. **Esta no compareció.**

Posteriormente, el 17 de abril de 2024 le concedimos un término de 10 días para que mostrara causa por la cual no debía ser suspendida del ejercicio de la abogacía por su incumplimiento con nuestra Resolución de 19 de marzo de 2024. Además de ordenar la notificación personal de este mandato, también se notificó al correo electrónico que surge del Registro Único de Abogados y Abogadas. El personal de alguacilazgo hizo varias gestiones comunicativas para conseguir a la licenciada Martínez Botet, como realizar llamadas y dejar mensajes a su número de teléfono, sin obtener respuesta alguna. También se personaron a su dirección física, pero no hallaron a nadie. Un vecino de la residencia indicó que tenía contacto con el hermano de la

licenciada Martínez Botet, por lo que se le entregó la orden para que le fuere facilitada. No obstante, hasta el momento, la licenciada Martínez Botet no se ha comunicado con este Tribunal.

## II

El Código de Ética Profesional particulariza las normas mínimas de conducta que los letrados y las letradas deben exhibir en el desempeño de sus funciones. In re Cuevas Vélez, 2023 TSPR 133, 213 DPR ___ (2023); In re Maldonado Nieves, 2023 TSPR 123, 213 DPR ___ (2023); In re Torres Rivera, 2022 TSPR 107, 209 DPR ___ (2022). Véase también: In re Candelario Lajara I, 197 DPR 722, 725 (2017). En específico, el Canon 9 del Código de Ética Profesional establece que todo abogado y abogada "debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". 4 LPRA Ap. IX. De ese principio se desprende el deber de los abogados y las abogadas de responder diligentemente a las órdenes y los requerimientos de este Tribunal. In re Díaz Vanga, 2024 TSPR 1, 213 DPR ___ (2024); In re Wilamo Guzmán, 2023 TSPR 61, 212 DPR __ (2023).

Cónsono con lo expuesto, hemos catalogado la desatención de nuestras órdenes por parte de los abogados y abogadas como una afrenta a la autoridad de los tribunales, lo que constituye una violación al Canon 9 del Código de Ética Profesional, *supra*, y dicha conducta podría conllevar que se decrete la separación inmediata e indefinida de la

profesión legal. <u>In re López Pérez</u>, 201 DPR 123, 126 (2018); <u>In re Canales Pacheco</u>, 200 DPR 228, 233 (2018).

## III

A pesar de los términos que hemos concedido y los esfuerzos que se realizaron para dar con el paradero de la licenciada Martínez Botet, esta no compareció. **No podemos dejar de ejercer nuestra responsabilidad disciplinaria sobre los y las integrantes de la profesión legal simplemente porque no se sepa de su paradero y, al mismo tiempo, se incumpla con nuestras órdenes.** El proceder de la licenciada Martínez Botet irremediablemente ha constituido una infracción al Canon 9 del Código de Ética Profesional, *supra*. Ante esto, no nos queda más remedio que decretar su suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría.

## IV

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría de la Lcda. Leslie J. Martínez Botet.

La señora Martínez Botet deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándolos. Asimismo, deberá devolver los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente. También, deberá acreditar a este

Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo podría conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

Por otro lado, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial de la señora Martínez Botet y entregarlos al Director de la Oficina de Inspección de Notarías (ODIN) para el correspondiente examen e informe. Además, en virtud de la suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales de la señora Martínez Botet queda automáticamente cancelada. Esta fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Se le advierte a la señora Martínez Botet que, previo a considerar una solicitud de reinstalación, este Tribunal evaluará la procedencia del comienzo de un procedimiento al amparo de la Regla 15 de nuestro Reglamento, *supra*.

Finalmente, se decreta el archivo administrativo de la querella CP-2023-0002 y de las quejas AB-2024-0049 y AB-2024-0093.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Leslie J. Martínez Botet          TS-16,521

SENTENCIA

En San Juan, Puerto Rico, a 10 de junio de 2024.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría de la Lcda. Leslie J. Martínez Botet.

La señora Martínez Botet deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándolos. Asimismo, deberá devolver los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente. También, deberá acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo podría conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

Por otro lado, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello

notarial de la señora Martínez Botet y entregarlos al Director de la Oficina de Inspección de Notarías (ODIN) para el correspondiente examen e informe. Además, en virtud de la suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales de la señora Martínez Botet queda automáticamente cancelada. Esta fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Se le advierte a la señora Martínez Botet que, previo a considerar una solicitud de reinstalación, este Tribunal evaluará la procedencia del comienzo de un procedimiento al amparo de la Regla 15 de nuestro Reglamento, 4 LPRA Ap. XXI-B.

Finalmente, se decreta el archivo administrativo de la querella CP-2023-0002 y de las quejas AB-2024-0049 y AB-2024-0093.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Rivera García no intervino.


                           Javier O. Sepúlveda Rodríguez
                           Secretario del Tribunal Supremo