EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2025 TSPR 72 |
| Janet Villanueva Sánchez (TS-11,106) | 216 DPR ___ |

Número del Caso: AB-2021-0045


Fecha: 2 de julio de 2025


Oficina de Inspección de Notarías:

    Lcdo. Manuel E. Ávila De Jesús
    Director


Representante legal de la Sra. Janet Villanueva Sánchez:

    Por derecho propio


Materia: Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por violación al Canon 9 del Código de Ética Profesional.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Janet Villanueva Sánchez                    AB-2021-0045
        (TS-11,106)

*PER CURIAM*

En San Juan, Puerto Rico, a 2 de julio de 2025.

Hoy nos vemos obligados a ejercer nuestra facultad disciplinaria respecto a una integrante de la profesión legal que desatendió de manera reiterada las órdenes de este Tribunal. En virtud de los fundamentos que expondremos más adelante, ordenamos la suspensión inmediata e indefinida de la Lcda. Janet Villanueva Sánchez (licenciada Villanueva Sánchez) por infringir el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX. En vista de lo anterior, procedemos a reseñar los hechos que dieron paso a esta acción disciplinaria.

I

El 17 de marzo de 2021 el Sr. Roy Iván Rosado Pagán (señor Rosado Pagán) presentó la queja de epígrafe

contra la licenciada Villanueva Sánchez. Alegó que en 1996 la licenciada Villanueva Sánchez autorizó la Escritura Núm. 6 de 1996 sobre la compraventa de dos bienes inmuebles (Escritura de Compraventa) a favor de Royaly Corporation (Royaly), entidad jurídica que el señor Rosado representaba en calidad de presidente. Aseveró que la licenciada Villanueva Sánchez se comprometió a presentar la Escritura de Compraventa y los documentos complementarios ante el Registro de la Propiedad (Registro) para lograr la inscripción de los solares y las edificaciones adquiridas. No obstante, señaló que esta incumplió con la encomienda. Adujo que la falta de diligencia de la licenciada Villanueva Sánchez causó que caducaran los asientos de presentación en dos ocasiones, y que esto, a su vez, redundó en gastos adicionales.

Asimismo, el señor Rosado Pagán arguyó que intentó comunicarse con la licenciada Villanueva Sánchez en varias instancias, pero sus esfuerzos fueron infructuosos. Sostuvo que la única vez que logró hablar con la letrada, esta le indicó que la documentación estaba incompleta. El señor Rosado Pagán expresó que el 20 de septiembre de 2020 recibió la última comunicación de la letrada. Añadió que el último mensaje que él envió fue en octubre de 2020, y que no obtuvo respuesta. Manifestó que la falta de inscripción ha frustrado varios intentos de compraventa de los bienes inmuebles.

El 27 de mayo de 2021 la licenciada Villanueva Sánchez presentó su contestación a la queja. Explicó que inició su práctica notarial en un bufete en el que trabajó junto al Lcdo. Jimmy Soto Ledesma, y que al momento de comenzar a

trabajar en el bufete este ya atendía la liquidación de los bienes de la parte vendedora de los inmuebles objeto de esta queja, a saber: las sucesiones de los Sres. Eduardo Pérez Seda (señor Pérez Seda) y Eduardo Pérez Acosta.[1] Aseveró que obtuvo los estudios de título de los inmuebles y se percató que ambos todavía estaban inscritos a favor del Municipio de Guánica (Municipio).

Manifestó que durante el proceso de la venta a Royaly descubrieron la discrepancia existente en la cabida de una de las fincas. A raíz de esto, el 29 de mayo de 1996 la letrada autorizó la Escritura Núm. 5 de 1996 sobre rectificación de cabida. Afirmó que luego de reunirse con un técnico del Registro, corrigieron la falta. No obstante, agregó que encontraron que los solares no estaban segregados.

Así las cosas, relató que acudió al Municipio para localizar el permiso de segregación. Sin embargo, informó que los empleados del Municipio indicaron que hubo un error en el precio por el cual el Municipio le vendió los solares al difunto señor Pérez Seda, lo cual complicó el trámite. Ante esto, aseveró que el señor Rosado Pagán retiró los documentos del Registro sin darle oportunidad de corregir los señalamientos por lo que le requirió que le reembolsara el costo de los comprobantes de presentación.

La licenciada Villanueva Sánchez relató que el señor Rosado Pagán contrató a la Lcda. Pilar Muñoz (licenciada

---

[1] La Lcda. Janet Villanueva Sánchez alegó que el difunto Sr. Eduardo Pérez Seda había adquirido varias propiedades en el Municipio de Guánica. Además, expuso que el Sr. Eduardo Pérez Acosta era el hijo de este último, y también había fallecido.

Muñoz), con quien la licenciada Villanueva discutió las posibles acciones judiciales para lograr la inscripción a favor de los integrantes de la sucesión del señor Pérez Seda. Sin embargo, alegó que no recibió comunicación de parte de la licenciada Muñoz. Esta última luego confirmó a la licenciada Villanueva que el señor Rosado Pagán cesó de comunicarse con ella. Por ende, la letrada negó las alegaciones sobre falta de comunicación con el señor Rosado Pagán. Además, reseñó sus intentos de dialogar con los técnicos del Registro, por lo que rechazó su alegada falta de diligencia, ya que realizó gestiones para las que no fue contratada, como atender los señalamientos notificados a otros notarios para lograr la inscripción de la Escritura de Compraventa.

El 21 de junio de 2021 el señor Rosado Pagán presentó una carta ante este Tribunal en la que refutó lo expuesto en la contestación de la licenciada Villanueva Sánchez. Reiteró que esta no ha contestado sus llamadas y correos electrónicos. Apuntó a que no existía razón alguna que justificara la dilación ya que habían transcurrido veinticinco (25) años desde que se le encomendó la inscripción de la Escritura de Compraventa.

Así las cosas, el 11 de agosto de 2021 la Secretaría de este Tribunal refirió este asunto disciplinario a la Oficina de Inspección de Notarías (ODIN) para que esta realizara una investigación y remitiera su informe dentro de un término de sesenta (60) días. En cumplimiento con lo ordenado, el 8 de noviembre de 2021 la ODIN presentó su *Informe*. En síntesis,

la referida dependencia recomendó apercibir a la licenciada Villanueva Sánchez de que en el futuro debe emplear mayor diligencia al autorizar instrumentos públicos que transmiten derechos sobre bienes inmuebles. Además, sugirió ordenar a esta a informar y acreditar los trámites que realice para lograr la inscripción de la Escritura de Compraventa.

El 17 de diciembre de 2021 la licenciada Sánchez Villanueva presentó una *Moción en cumplimiento de orden* en la que reaccionó al *Informe*. Aunque se allanó a la recomendación de la ODIN, expresó que actuó de manera diligente al corregir las faltas que notificó el Registro.

En vista de lo anterior, el 28 de enero de 2022 emitimos una *Resolución* en la que acogimos la recomendación de la ODIN y ordenamos a la licenciada Villanueva Sánchez mantenernos informados sobre las gestiones encomendadas para presentar la Escritura de Compraventa ante el Registro. Asimismo, el 2 de mayo de 2022 el señor Rosado Pagán presentó una carta en la que solicitó que también se le notificara sobre lo informado por la licenciada Villanueva Sánchez en cuanto a esto último. Dado que la letrada no compareció, el 11 de mayo de 2022 emitimos otra *Resolución* en la que le concedimos un término de diez (10) días a la licenciada Villanueva Sánchez para que acreditara los trámites realizados.

El 31 de mayo de 2022 esta compareció mediante *Moción en cumplimiento de orden*. Expresó que se reunió con los herederos del señor Pérez Seda y pautó una reunión con representantes del Municipio para obtener la documentación relacionada a la segregación de las fincas. Ante ello, el 15 de junio de 2022

emitimos una *Resolución* en la que nos dimos por enterados y reiteramos nuestra orden sobre el deber de la letrada de mantener a este Tribunal informado sobre las gestiones realizadas para lograr la inscripción de la Escritura de Compraventa.

Un año luego, el 9 de enero de 2023 emitimos una *Resolución* en la que le concedimos un término de diez (10) días a la licenciada Villanueva Sánchez para que informara sobre los aludidos trámites. El 26 de enero de 2023 esta presentó una *Moción en cumplimiento de orden* e informó que se comunicó con el representante legal del Municipio. Explicó que le proveyó toda la documentación sobre la propiedad controvertida a finales de octubre de 2022 pero que no había recibido respuesta alguna desde entonces. El 31 de enero de 2023 emitimos una *Resolución* en la que nos dimos por enterados de lo anterior.

El 31 de agosto de 2023 emitimos una *Resolución* en la que le concedimos a la letrada otro término de diez (10) días para que informara sobre las gestiones realizadas. Esta compareció el 21 de septiembre de 2023 mediante una *Moción en cumplimiento de orden*. Informó que, ante la falta de cooperación por parte del representante legal del Municipio, le cursó una misiva al alcalde. Expuso que el alcalde del Municipio envió una respuesta en la que informó que estaría investigando el asunto. El 5 de octubre de 2023 emitimos una *Resolución* en la que nos dimos por enterados de lo expuesto por la licenciada Villanueva Sánchez.

El 29 de abril de 2024 emitimos una *Resolución* en la que otorgamos otro término de diez (10) días a la letrada para informar sobre los trámites realizados. El 22 de mayo de 2024 esta presentó una *Moción en cumplimiento de orden* en la que expuso que el representante legal del Municipio le informó que procedía obtener un plano de las fincas para lograr la segregación. Alegó que el 4 de diciembre de 2023 le hizo llegar copia del plano al representante legal pero que las comunicaciones subsiguientes fueron infructuosas. Ante ello, el 4 de junio de 2024 emitimos una *Resolución* en la que nos dimos por enterados de lo anterior.

Ahora bien, el 29 de enero de 2025 emitimos una *Resolución* en la que le conferimos a licenciada Villanueva Sánchez un término adicional de diez (10) días para que esta acreditara los trámites realizados, según ordenamos en la *Resolución* del 28 de enero de 2022. Sin embargo, la licenciada Villanueva Sánchez incumplió con el mencionado término. Por ello, emitimos otra *Resolución* el 11 de marzo de 2025 en la que concedimos un término adicional de diez (10) días. En esta se le apercibió de que su incumplimiento con lo ordenado podría conllevar sanciones disciplinarias severas, tal como la suspensión del ejercicio de la abogacía. No obstante, esta incumplió con el término concedido.

Repasado el tracto procesal, procedemos a resolver.

## II

Todo abogado y toda abogada tiene un deber de adherirse a los preceptos y a las normas establecidas en el Código de

Ética Profesional, *supra*, pues este estatuye las normas mínimas de conducta que corresponde exhibir en el desempeño de las funciones de la profesión legal. In re Robles Vega, 2024 TSPR 56, 214 DPR ____ (2024); In re Martínez Botet, 2024 TSPR 57, 214 DPR _____ (2024); In re Cuevas Vélez, 213 DPR 162 (2023); In re Maldonado Nieves, 213 DPR 119 (2023); In re Montalvo Negrón, 213 DPR 342 (2023). En lo particular, el Canon 9 del Código de Ética Profesional, *supra*, establece que los profesionales del derecho "debe[n] observar para con los tribunales una conducta que se caracterice por el mayor respeto". De ese principio se desprende el deber de los abogados y de las abogadas de responder diligentemente a las órdenes y los requerimientos de este Tribunal. In re Martínez Botet, *supra*; In re Díaz Vanga, 213 DPR 444 (2024); In re Wilamo Guzmán, 212 DPR 104 (2023).

Asimismo, hemos determinado que el incumplimiento y la desatención de nuestras órdenes por parte de los abogados y de las abogadas constituye una afrenta a la autoridad de los tribunales, lo que acarrea una violación al Canon 9 del Código de Ética Profesional, *supra*. In re Robles Vega, *supra*. Esta conducta podría conllevar que se decrete la separación inmediata e indefinida de la profesión legal. In re Martínez Botet, *supra*; In re López Pérez, 201 DPR 123, 126 (2018); In re Canales Pacheco, 200 DPR 228, 233 (2018).

## III

La licenciada Villanueva Sánchez presentó su última comparecencia el 22 de mayo de 2024. A pesar de que posterior

a esa fecha emitimos dos órdenes en las que solicitamos su contestación, la licenciada Villanueva Sánchez no compareció para acreditar las gestiones realizadas para inscribir la Escritura de Compraventa en el Registro. En cambio, la letrada optó por ignorar nuestros requerimientos en claro menosprecio y displicencia de nuestra autoridad. Esto aun cuando se le apercibió de que su incumplimiento podría dar paso a su suspensión del ejercicio de la profesión legal.

A esto se le añade que han transcurrido más de tres (3) años desde que ordenamos a la licenciada Villanueva Sánchez a mantenernos informados y acreditar los trámites realizados para lograr la inscripción de la Escritura de Compraventa. Desde entonces, este Tribunal se ha visto obligado a compeler su comparecencia en seis ocasiones para que cumpliera con lo ordenado y nos informara sobre las gestiones realizadas.

Es evidente que la conducta de la licenciada Villanueva Sánchez quebrantó los deberes de prontitud y diligencia que exige el Canon 9 del Código de Ética Profesional, *supra*. Habida cuenta de nuestro poder inherente de regular la profesión legal, procede decretar su suspensión inmediata e indefinida del ejercicio de la abogacía y de la notaría.

## IV

Por los fundamentos antes expuestos, decretamos la suspensión inmediata e indefinida de la licenciada Villanueva Sánchez del ejercicio de la abogacía y de la notaría por violar el Canon 9 del Código de Ética Profesional, *supra*.

La señora Villanueva Sánchez deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para

continuar representándoles. Además, deberá devolver los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente. También, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo podría conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

Por otro lado, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial de la señora Villanueva Sánchez y entregarlos al Director de la ODIN para el correspondiente examen e informe. Además, en virtud de la suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales de la señora Villanueva Sánchez queda automáticamente cancelada. Esta fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese a la señora Villanueva Sánchez de esta Opinión *Per Curiam* y *Sentencia* por medio del correo electrónico registrado en el Registro Único de Abogados y personalmente.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Janet Villanueva Sánchez
   (TS-11,106)           AB-2021-0045

SENTENCIA

En San Juan, Puerto Rico, a 2 de julio de 2025.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión inmediata e indefinida de la licenciada Villanueva Sánchez del ejercicio de la abogacía y de la notaría por violar el Canon 9 del Código de Ética Profesional, *supra*.

La señora Villanueva Sánchez deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándoles. Además, deberá devolver los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente. También, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo podría conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

Por otro lado, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello

notarial de la señora Villanueva Sánchez y entregarlos al Director de la ODIN para el correspondiente examen e informe. Además, en virtud de la suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales de la señora Villanueva Sánchez queda automáticamente cancelada. Esta fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese a la señora Villanueva Sánchez de esta Opinión *Per Curiam* y *Sentencia* por medio del correo electrónico registrado en el Registro Único de Abogados.

Notifíquese personalmente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo